Dear Ms. Core:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You ask several questions regarding land use valuation for ad valorem tax purposes.
Under La.Const. art. VII, § 18(C), "[b]onafide agricultural, horticultural, marsh, and timber lands, as defined by general law, shall be assessed for tax purposes at ten percent of use value rather than fair market value." Additionally, La.R.S. 47:2303 provides that the following requirements must be met to qualify for use value assessment:
 In order to be classified as bona fide agricultural, horticultural, marsh or timber land and assessed at its use value under the provisions of Article VII, Section 18(C) of the Louisiana Constitution of 1974, it must meet the definition of bona fide agricultural, horticultural, marsh or timber land as described in R.S. 47:2302 and, in the case of bona fide agricultural, horticultural, or timber land:
 A. Be at least three acres in size, or have produced an average gross annual income of at least two thousand dollars in one or more of the designated classifications for the four preceding years, and
 B. The landowner has signed an agreement that the land will be devoted to one or more of the designated uses as defined in R.S. 47:2302. *Page 2 
First, you offer a hypothetical in which a property owner, A, transfers a portion of a tract of land that is assessed at use value to another person, B. You ask whether the recording of the deed in the conveyance records fulfills the property owner's requirement under La.R.S. 47:2305(A), which provides the following:
 If land having a use value assessment ceases to meet the eligibility requirements described in Section 3 of this Act, [1] the owner shall be obligated to notify the assessor in the parish or district where the property is located within sixty days following the effective date of loss of eligibility. Upon notification of loss of eligibility the assessor shall reassess the property immediately, to become effective the following tax year.
We do not believe that property owner A meets the notice requirement of La.R.S. 47:2305(A) by recording the deed in the conveyance records. The mere fact that a portion of the original larger tract of land was transferred does not mean that the remaining property is no longer eligible to be assessed at use value.
Next, you ask whether a property owner meets the notice requirement of La.R.S. 47:2305(A) by receiving a building permit from an appropriate governmental agency in the parish in which the property is located. We could find no support for this proposition. Thus, we believe that a property owner does not meet the notice requirement of La.R.S. 47:2305(A) by receiving a building permit from an appropriate governmental agency in the parish in which the property is located.
Thirdly, you ask whether the assessor has any discretion regarding the application of the penalty set forth in La.R.S. 47:2306. That statute provides the following:
 A. In the event that the landowner obtains a use value assessment by means of false certifications on his application, or fails to timely notify the assessor of loss of eligibility for use value assessment as required by Section 5(A) of this Act, [2] he shall be liable for a penalty equal to five times the difference between the tax under a market value assessment and the tax under a use value assessment for the tax years in which the use value assessment was attributable to the false certifications or failure to timely notify the assessor of loss of eligibility.
 B. The tax collector in each parish upon notification by the assessor of a taxpayer's liability for penalty as provided in Section 6(A) above, shall have the authority and the responsibility for collecting the penalties provided for in this Section, and shall disburse said penalties, pro rata, to the same authorities as taxes for current year are disbursed. *Page 3 
The rules of statutory construction, which we are required to apply when interpreting laws, reflect that the use of the word shall within La.R.S. 47:2306(A) is mandatory.[3] Thus, the assessor has no discretion whatsoever regarding the application of the penalty set forth in La.R.S. 47:2306.
Finally, you ask whether the tax collector must collect the penalty provided for in La.R.S. 47:2306 via tax sale. Pertinently, La.R.S. 47:2128 provides as follows:
 All statutory impositions including ad valorem taxes shall be paid along with the taxes. Failure to pay the statutory impositions in addition to the ad valorem taxes shall cause the immovable property to be subject to the same provisions of law that govern tax sales of immovable property.
Since the penalty provided for in La.R.S. 47:2306 is a statutory imposition, it must be paid along with taxes. If the taxes are not paid, the property must be sold at tax sale.
In conclusion, it is the opinion of this office that the notice requirement of La.R.S. 47:2306 is not met by either (1) recording a deed in the conveyance records that transfers a portion of a larger tract of property or (2) receiving a building permit from an appropriate governmental agency in the parish in which the property is located. Also, the penalty provided for in La.R.S. 47:2306 is mandatory and must be paid along with taxes or else the property in question will be sold at tax sale.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] La.R.S. 47:2303.
[2] La.R.S. 47:2305.
[3] La.R.S. 1:3.